# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDAL RUIZ, <br><br> Petitioner, <br><br> v. <br><br> SCOTT FRAUENHEIM, Warden, <br><br> Respondent. | Case No. CV 14-08693 PA (RAO) <br><br> **ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records and files herein, and the Final Report and Recommendation of United States Magistrate Judge ("Report").[1] Further, the Court has engaged in a *de novo* review of those portions of the Report and Recommendation issued on October 21, 2016, to which Petitioner has objected.[2] The Court hereby accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

---

[1] The Report issued March 28, 2017, differs from the Report and Recommendation issued on October 21, 2016, only in the addition of non-substantive procedural background. (*See* Dkt. No. 62 at 1 n.2.)

[2] On March 6, 2017, the Court received from Petitioner a "Motion for Relief from Judgement for De Novo Review, Reconsideration Rehearing" regarding the Magistrate Judge's partial grant of Petitioner's request for an extension of time in which to file objections to the Report. (Dkt. No. 61.) Because Petitioner has now filed objections to the Report, his Motion is denied as moot.

The Court notes that Petitioner appears to raise, for the first time, a number of claims that were not addressed in the Report. Specifically, Petitioner challenges the following aspects of the police investigation preceding his state prosecution, his state prosecution, and his state habeas efforts: denial of discovery of jury misconduct; denial of evidentiary hearings on collateral review; impermissibly suggestive show-up; unreliable identification testimony; clearly erroneous and inconsistent pre-show-up description; prosecutorial misconduct; false or misleading arguments, presumably by the prosecution; denial of right to present a defense; insufficient evidence to support presumption of harm to occupants; illegal detention, arrest, search, and seizure; denial of a full and fair suppression hearing; failure to preserve evidence in bad faith; use by the prosecution of incurably prejudicial hearsay; hearsay impermissibly admitted for the truth of the matter asserted on the critical issue of intent; and denial of discovery on peace officer personnel misconduct, including as it related to a motion to suppress evidence; and failure to preserve evidence. (Dkt. No. 62 at 1-2.) While Petitioner raised many of these arguments on direct appeal of his conviction to the California Court of Appeal or during state habeas proceedings (Dkt. No. 1 at 2-5), and discussed his challenges to these aspects of his state criminal proceedings in opposition to Respondent's Motion to Dismiss and Answer (Dkt. Nos. 29, 47), Petitioner did not raise these as claims in his Petition in the instant action (*see* Dkt. No. 1 at 5-9).

Generally, a district court is not required to consider new arguments or evidence raised for the first time in an objection to a magistrate judge's recommendation, but the court actually must exercise its discretion in declining to do so; the court cannot simply adopt the recommendation without explaining that it will not consider a new matter. *See Jones v. Blanas*, 393 F.3d 918, 935 (9th Cir. 2004); *Brown v. Roe*, 279 F.3d 742, 745-46 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000). Here, the Court declines to consider the numerous new grounds now asserted by Petitioner because Petitioner is raising

them after the Magistrate Judge already had issued the Report. The Court's conclusion in this regard is buttressed by the fact that, even at this late stage, Petitioner fails to provide any facts or legal citations to support these new grounds, thus failing to adequately present those claims to the Court. *See Greenway v. Schriro*, 653 F.3d 790, 804 (9th Cir. 2011) (stating that a "cursory and vague claim cannot support habeas relief" (citing *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994))); *James*, 24 F.3d at 26 ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." (citing *Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th Cir.1970))).

Accordingly, IT IS ORDERED that the Petition is denied and Judgment shall be entered dismissing this action with prejudice.

DATED: 03/30/2017

PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

3